David M. Philips SBN 45761
3853 Brockton Ave
Riverside, CA 92501
951 686-3220
951 686-1812 FAX
Email: davidmphilips@sbcglobal.net

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v<br><br>KATHERINE KILMER<br>Defendant | CASE CR-07-28-VAP<br><br>DEFENDANTS SENTENCING PROPOSAL |

## DEFENDANT'S SENTENCING PROPOSAL

Defendant proposes the following sentence;
(1) Home Confinement
(2) Terms of probation appropriate to the offense and Defendant's personal circumstances and characteristics.

## Procedural History

On 1-29-09, Defendant entered a guilty plea to a two count fourth superceding indictment alleging violations of 18 USC 1001 and 2.

A PSR was disclosed on 5-14-09

Because of scheduling problems of Defense Counsel, Defendant did not attend an interview prior to the writing of the PSR.

Pursuant to an order of the Court Defendant was permitted to participate in an interview with probation for the purpose of creation of a revised PSR. That interview occurred on 8-4-09.

-1-

A supplemental PSR was disclosed on 8-4-09.

## PLEA AGREEMENT

The plea agreement provided in relevant part as follows

| | | | |
|---|---|---|---|
| Base Offense Level | +6 | USSG 2F1.1(a) |
| Specific Offense Characteristics | | |
| Loss over $800,000 | +11 | USSG 2F1.1(b)(2) |
| More than minima planning | +2 | |
| Acceptance of responsibility | -3 | USSG 3E1.1 |
| Total Offense Level | | |
| Guideline Range | 21-27 months | |

The Plea Agreement also provides that

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments and departures are appropriate (p 12 (1 10-12) and the Defendant and the ASAO, pursuant to the factors set forth in 18 USC 3553(a)(1), (a)(2), (a)(3), (a)(4), (a)(6) and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the sentencing guidelines.

The plea agreement further provides for the potential for USSG 5K1.1 relief.

## PSR

The PSR disclosed on 5-14-09, placed Defendant in Criminal History Category One. The initial PSR, without benefit of interview, paragraph 91 stated that:

> The probation Officer has not identified any factors that would warrant a recommendation for a departure from the advisory guideline range.

The initial PSR also stated, paragraph 92, that:

> The Probation Officer has not identified any factors that would warrant a recommendation for a variance from the advisory guideline range.

After the interview on 8-14-09, the supplemental PSR stated in Part F paragraph 37 that:
> The nature and circumstances of the offense and the history and characteristics of the defendant may warrant a sentence outside the advisory range.

3553 Factors

The guideline analysis in the original PSR is not disputed. Although defendant does not fit snugly into any specific guideline departure category, a convergence of equitable considerations supports defendants proposed sentence. Defendant is 54 years old and has no prior criminal involvement. She was convinced to leave her employment by John Varner, a close family friend. When she realized the fraudulent nature of the enterprise, and complained about it Mr. Varner manipulated the finest features of her character, loyalty, commitment, optimism and innocence and she continued on in a state of near emotional paralysis all the while realizing what she was doing was wrong and all the while believing in his promises of changes which never came. Although Defendant does not seemingly qualify for a guideline departure for minor role, still she was the least involved and least rewarded of the charged defendants. Although she does not seemingly qualify for a departure based on aberrational conduct, still her conduct was isolated, situational and wholly uncharacteristic of her life. Although she does not

seemingly qualify for a departure based on health/family factors, defendant has serious health and family concerns. She had a heart attack at age 34, for which she still takes medication (p2, paragraph 13, supp PSR) She had a double mastectomy as a result of breast cancer, and still takes medication relating to the cancer (p2, paragraph 12, supp PSR). She becomes easily depressed as a result of the embarrassment and humiliation stemming from her involvement in this scheme and resultant prosecution. Defendant was in the real estate field for several years prior to her instant involvement and has lost her license. She now works for minimum wages at First Assembly of God Church in Victorville (p3, Paragraph 20, supp PSR). Her duties include maintenance and day care. She works at the direction of and supervision by her husband. During an earlier marriage she was physically abused but stayed in the marriage to try and work it out for her children. Despite her health problems and the assaults by her former husband, she took pride in being the rock, the emotional foundation and financial; support of her family. Her family is now in financial distress and she is humiliated and self berating beyond words for her conduct and the consequences to her family and her responsibility for it.

The Court has wide latitude in sentencing options after Booker. Considerations, like those set forth above, which may not qualify for a guideline departure, may now be the source of a sentencing variance. United States v. Chase 560 F3d. 828. It is submitted that the personal characteristics and consequences discussed above support Defendant's sentencing proposal. A discussion of specific 3553 factors reaches the same result. The Defendant has no prior criminal involvement. The shame and humiliation felt by the Defendant is sufficient to protect the public from further crimes by her. Respect for the

law is promoted by recognition of the human dimension of crime and its very real and human extra judicial consequences. The Court has a wide range of sentencing options. The sentence proposed by Defendant satisfies the concerns of all parties. While Defendant's freedom would be significantly curtailed, she would be able to continue rebuilding her life under the supervision of the Probation Department. A sentence crafted to deter future crimes by others is more effectively achieved by imposition of prison terms on the architects of the scheme.

## CONCLUSION

In consideration of the above Defendant request a sentence of home confinement with appropriate terms of supervised release.

Dated 8-27-09

David M. Philips